UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL HENRI STEINMEYER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ASSOCIATION OF BLOOD BANKS, MARCIA EISENBERG, and DIANE KILLION,<br><br>Defendants. | Case No.: 23-CV-1160 JLS (DTF)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE MARCH 24, 2025 ORDER**<br><br>(ECF No. 69) |

Presently before the Court are Defendant American Association of Blood Banks's ("AABB") Motion for Reconsideration of the March 24, 2025 Order Denying its Request for Fees and Costs ("Mot.," ECF No. 69) and Memorandum of Points and Authorities in Support thereof ("Mem.," ECF No. 69-1). Plaintiff Randall Steinmeyer filed an Opposition to Defendant's Motion for Reconsideration ("Opp'n," ECF No. 71) and AABB filed a Reply ("Reply," ECF No. 72). The Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 70. Having considered the Parties' arguments and the law, the Court **DENIES** AABB's Motion.

/ / /

/ / /

**BACKGROUND**

The Parties and this Court are intimately familiar with the facts of this matter, which deal with Plaintiff's allegations that Defendant AABB took part in a discriminatory, collusive effort with its partner laboratories to rig paternity tests nationwide in favor of female mothers. Accordingly, the Court incorporates by reference the factual background as detailed in the Court's March 24, 2025 Order, *see* ECF No. 67 ("Order") at 2–5, and will only set forth here the procedural history relevant to this Motion.

That procedural history includes two Rule 11 Sanctions Motions filed by Plaintiff during the course of this litigation. *See* Order at 23–24. Plaintiff filed his first Sanctions Motion on July 30, 2024, taking issue with certain statements AABB made in its Oppositions to a Motion to Strike and Motion to Dismiss. ECF No. 41 at 6–9. The Court rejected Plaintiff's request for sanctions, noting that the statements identified by Plaintiff were argumentative in nature, placing them squarely within the bounds of proper representations to the Court in briefing. *See* ECF No. 45 at 25.

The same day the Court rejected his first Sanctions Motion, Plaintiff filed a second. *See* ECF No. 46. This second Sanctions Motion, the Court recognized, "look[ed] a lot like his first," and indeed, Plaintiff again took issue with certain statements AABB made in its Opposition to a Motion to Dismiss. Order at 22. As it had done with the first Sanctions Motion, the Court rejected Plaintiff's second Sanctions Motion after reiterating, for the third time in this case, that "statements in briefing are *argument*; they do not have evidentiary significance." *Id.* (citation modified).

Pertinent here is a request for attorneys' fees and costs that AABB had made in opposing Plaintiff's second Sanctions Motion. AABB argued that the second Sanctions Motion was "plainly frivolous," as it raised issues duplicative of the first Sanctions Motion and "forc[ed] the Court to rule . . . for a third time" on identical claims. ECF No. 47 at 7–8. On that basis, AABB submitted that it "should be compensated for the expenses it incurred in responding to Plaintiff's duplicative, untimely, and frivolous Second Motion." *Id.* at 8. Despite expressing considerable sympathy to the request, the Court exercised its discretion

to deny AABB's request for fees and costs, primarily resting on the fact that Plaintiff's second Sanctions Motion was filed on the same day the Court denied the first, thereby depriving Plaintiff of "the benefit of the Court's disposition of his First Sanctions Motion" by the time he filed the second. Order at 23. The Court, thus, declined to award fees and costs. In the same Order, dated March 24, 2025, the Court dismissed all of Plaintiff's claims under Federal Rule of Civil Procedure 12 without leave to amend and ordered the case closed. *Id.*

AABB then filed the instant Motion on April 21, 2025, requesting reconsideration of the Court's decision to deny awarding fees and costs incurred in opposing Plaintiff's second Sanctions Motion. *See generally* Mot.

**LEGAL STANDARD**

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 2:20-cv-01783-KJD-EJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d. 1255, 1263 (9th Cir. 1993)). When a party seeks reconsideration on the basis of "newly discovered evidence," the court is limited to consideration of evidence "which existed at the time of the judgment but was not

discoverable with reasonable diligence." *Sundby v. Marquee Funding Grp., Inc.*, No. 19-cv-00390-GPC-AHG, 2021 WL 5396228, at *2 (S.D. Cal. Nov. 18, 2021) (citing *Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007)). In other words, "[c]ases construing 'newly discovered evidence,' either under [Rule] 60(b)(2) or Rule 59, uniformly hold that evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules." *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981) (citing *Washington v. United States*, 214 F.2d 33, 46 (9th Cir. 1954)), *abrogated on other grounds by*, *Gregorian v. Izvestia*, 871 F.2d 1515 (9th Cir. 1989).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## ANALYSIS

AABB asks the Court to reconsider its March 24, 2025 Order to the extent it declined to award fees and costs associated with its Opposition to Plaintiff's second Sanctions Motion. *See* Mem. at 1. In support of its Motion, AABB relies on a written correspondence—sent from Plaintiff and addressed to AABB Board Members—asserting several of the same theories Plaintiff advanced in his Sanctions Motions. *Id.* AABB contends there are two aspects of this correspondence that elucidate Plaintiff's "intent to annoy and harass AABB." Mem. at 3. First, AABB points out that Plaintiff, through the correspondence, has now improperly communicated directly with a represented party, an action that Plaintiff, a former attorney, should know is not permitted under the California Rules of Professional Conduct. *Id.* Second, pointing to Plaintiff's unrelenting refusal to cease his assertions of unlawful conduct that have already been rejected by this Court, AABB argues that the correspondence "has confirmed Plaintiff's improper tact of using this litigation to taunt, harass and annoy AABB." *Id.*

There is no question that Plaintiff's insistence on aggressively pressing accusations against AABB for participating in a fraudulent scheme to deceive consumers out of a true paternity test is cause for concern. As AABB suggests, Plaintiff's correspondence—which was received by an AABB volunteer on April 2, 2025—makes reference to the instant case and continues to advance the same recycled theory that AABB is participating in a fraudulent campaign of promoting sham paternity tests. *See* ECF No. 69-3. The correspondence even takes it one step further by purporting to leverage the instant case as "irrefutable evidence" of AABB's wrongdoing, *id.* at 4, despite the case having concluded in March of this year entirely in AABB's favor. Taken collectively in conjunction with the multiple, duplicative Sanctions Motions he filed in this case, the Court has little doubt that Plaintiff's objective is to use whatever means necessary to fan the flames in response to the positive paternity test he took in 2017.

But while the Court remains sympathetic to AABB's predicament, this Motion for Reconsideration is not the proper mechanism for vindicating AABB's interests in putting an end to Plaintiff's mischief. Other than mechanically reciting the legal standard, AABB does not otherwise engage with the text of Rule 60(b) in its Motion, frustrating the Court's efforts to analyze its request. Based on clues dispersed throughout the Motion, however, the Court construes AABB's argument in favor of reconsideration to rest solely on the "newly discovered evidence" prong of Rule 60(b)(2) due to the representation that the Motion is based on Plaintiff's post-judgment actions. *See* Mem. at 1. Indeed, AABB makes it a point of emphasis that its Motion is based exclusively on Plaintiff's April 2, 2025 correspondence, a piece of evidence that did not exist until over a week after the Court issued its final Order dismissing this case and rejecting AABB's request for fees and costs. *Id.* at 1 ("[*This Motion*] *is based on Plaintiff's subsequent conduct after the issuance of the Order* . . . ." (emphasis in original)).

Yet post-judgment conduct cannot support a request for reconsideration under Rule 60(b)(2). In the Ninth Circuit, the April 2, 2025 correspondence "is not 'newly discovered evidence' under Rule 60(b)(2) because [the correspondence] was not in existence at the

time of the judgment." *Fantasyland Video*, 505 F.3d at 1005 (citing *Corex Corp.*, 638 F.2d at 121). Plaintiff's post-judgment conduct may very well be probative of his subjective intention to badger AABB into submission, but, "by definition, [it] cannot constitute 'newly discovered evidence' sufficient to support a successful Rule 60(b)(2) motion." *Sundby*, 2021 WL 5396228, at *3. To hold otherwise would be to undermine the finality interests associated with putting a case to bed when its moment for adjudication has passed. *See Washington*, 214 F.2d at 46 ("The policy of law in having an end to litigation, would in most cases prevent the reopening of a case because of after-occurring events.").

Though its Motion relies entirely on Plaintiff's April 2, 2025 correspondence, AABB tacitly purports to advance an alternative argument under Rule 60(b)(6) as well. *See* Mem. at 2. Under Rule 60(b)(6), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." This so-called catch-all provision "applies only when the reason for granting relief is not covered by any of the other bases set forth in Rule 60." *Sundby*, 2021 WL 5396228, at *2 (citing *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007)). Even when a distinct basis other than those provided for in Rules 60(b)(1) through (b)(5) is proffered, Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice." *Fantasyland Video*, 505 F.3d at 1005 (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

In this instance, AABB has not articulated any sound justification for applying Rule 60(b)(6). The only colorable basis upon which AABB has sought reconsideration is Plaintiff's post-judgment conduct, but that basis fits neatly within Rule 60(b)(2)'s "newly discovered evidence" prong. The Court thus concludes that Rule 60(b)(6) is inapposite because Rule 60(b)(2) is directly applicable. *See BLOM Bank SAL v. Honickman*, 605 U.S. ---, 145 S. Ct. 1612, 1619 (2025) ("Thus, we have repeatedly held that relief under Rule 60(b)(6) is available 'only when Rules 60(b)(1) through (b)(5) are inapplicable.'"). Accordingly, AABB has not identified any "extraordinary circumstances" that stood in the way of its request for fees and costs when opposing

Plaintiff's second Sanctions Motion.[1] *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (quoting *Alpine Land & Reservoir Co.*, 984 F.2d at 1049).

## CONCLUSION

In light of the foregoing, the Court **DENIES** AABB's Motion for Reconsideration (ECF No. 69).

**IT IS SO ORDERED.**

Dated: August 21, 2025

Hon. Janis L. Sammartino
United States District Judge

---

[1] AABB also cites to Federal Rule of Civil Procedure 59(e) in its Motion, but the Court's analysis remains unchanged under this alternative authority. *See Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994) ("In addition, a denial of a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is construed as one denying relief under Rule 60(b) . . . ."). Similarly, AABB's citation to Federal Rule of Civil Procedure 54(b) is inapposite. *See Ng v. United States*, No. 12-1381-JAH(WVG), 2014 WL 12026063, at *3 (S.D. Cal. May 12, 2014) ("Rule 54(b) allows a court to reverse interlocutory orders before final judgment is entered."); *Moore v. Greyhound Bus Lines, Inc.*, No. 15-cv-1186-CAB (MDD), 2018 WL 3862007, at *1 (S.D. Cal. Aug. 14, 2018) (concluding that Rule 54(b) was inapplicable because the Rule only applies to orders or decisions "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties").